THE STATE, *Appellant*, v. CRUMB.

**Perjury**: FALSE RETURN TO TOWN ASSESSOR. An indictment for perjury charged the defendant with making a false affidavit to a return of his taxable personal property to a town assessor. There was no averment that the town was vested with the power to appoint an assessor and levy taxes, or that defendant was a resident of the town, or that there was any ordinance or law requiring defendant to make the affidavit. *Held*, that for want of these averments the indictment was insufficient. They ought to have been made in order to enable

the court to determine whether the town could require the assessment of defendant's personalty, and whether it could require him to make the affidavit.

*Appeal from Stoddard Circuit Court.*—Hon. R. P. Owen, Judge.

*J. L. Smith*, Attorney-General, for the State.

*Bedford & Crumb* for respondent.

Norton, J.—Defendant was indicted at the August term, 1875, of the circuit court of Stoddard county for perjury. A demurrer to the indictment was sustained, and judgment rendered for the defendant, from which the State has appealed. The indictment, in substance, alleges that one Fraker was the assessor for the town of Bloomfield, in Stoddard county, and as such required defendant to deliver to him a true list of his taxable property; that defendant, on the 12th day of June, 1875, with intent to defraud the said town of Bloomfield, made out and delivered to said assessor a false list of his property, omitting therefrom one piano, one carriage, one diamond stud and one gold watch chain, to which false list was appended an affidavit sworn to by defendant before said Fraker, in which he stated that said list was a true and correct list of all taxable property     *     *; that said Fraker had authority to administer said oath; that said list was a false list in that it did not include the articles of property above mentioned, and that such articles were proper subjects of taxation. It is no where alleged in the indictment that the town of Bloomfield was an incorporated town, vested with the power to appoint an assessor and levy taxes, nor is it alleged that defendant was a resident of the town of Bloomfield, nor that there was any ordinance of said town' or law requiring defendant to make the affidavit, which is alleged to be false. There are no facts alleged which enable us to determine that the town of Bloomfield could require said Fraker to assess the personal property of de-

fendant, and require him to swear to the truth of a list of his property when made. In these respects, to say nothing of other defects, we think the indictment insufficient to charge the offense, and that the demurrer was properly sustained. Judgment affirmed, in which the other judges concur.

AFFIRMED.